IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
CIRCUIT DIVISION

| | | |
|---|---|---|
| MICHAEL AND SANDRA TYSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE | ) | |
| Serve at: | ) | |
| 350 Highland Drive, | ) | |
| Lewiston, TX 75067 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COME NOW Plaintiffs, by and through their undersigned attorney, and for their complaint against Defendant, state as follows:

1. Plaintiffs are residents of St. Louis County, Missouri, and owners of 479 Thunderhead Canyon Drive, Ballwin, MO 63011, more fully described as LOT 62 OF WINDING TRAILS PLAT 1, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 192 PAGES 12 AND 12 OF THE ST. LOUIS COUNTY RECORDS.

2. Defendant is a national servicer of mortgages doing business regularly in Missouri.

3. On or about September 7, 2005, Plaintiffs signed a Deed of Trust to Ampro Mortgage. The same was recorded on September 16, 2005 at Book 16970, Page 1624, et. seq. in the St. Louis County Recorder of Deeds.

4. In September of 2008, Plaintiffs filed for bankruptcy protection in Case Number 08-47193. Relief as requested was granted on December 15, 2008.

5. In late 2009, Plaintiffs entered into a modification under the Home Affordable Modification Program.

6. In 2013, servicing of Plaintiffs' mortgage was transferred to Defendant from Bank of America's entities.

7. Since that time, Plaintiffs have learned that their mortgage is incorrectly coded, claiming that they are still in bankruptcy, when they have been out of bankruptcy protection and have reaffirmed the debt since 2008.

8. This incorrect information, being transmitted to the major credit bureaus, makes it impossible for Plaintiffs to qualify for programs or to seek to refinance their loan, costing them money.

## COUNT I – DECLARATORY JUDGMENT

9. Plaintiffs incorporate all above paragraphs in this count.

10. Despite their attempts to have this corrected by Defendant, Defendant has been unwilling to make the changes to have matters reflected correctly despite their good standing.

11. Plaintiffs are current on their mortgage.

12. Plaintiffs seek an order of this court stating that their mortgage is in good standing, has been duly reaffirmed since 2008, and ordering Defendant to make all necessary changes to reflect this with any and all credit reporting agencies.

WHEREFORE, Plaintiffs prays that the court find and determine and declare the Plaintiffs' mortgage to be in good standing and current, that the same has been reaffirmed by all necessary parties since the 2008 bankruptcy, and grant such further relief as may be just and proper, including allowing Plaintiff his costs herein expended.

## COUNT II
## VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT AGAINST DEFENDANT OCWEN

13. Plaintiffs incorporate all above paragraphs in this count.

14. At all times relevant, defendant Nationstar Mortgage was in the business of selling a loan and/or the bundle of loan services that go with the loan, and or in servicing the loan, and/or alleged that they were in such business.

15. Plaintiffs, as set forth above, purchased a loan on the property.

16. Nationstar claimed that they had succeeded to the mortgage, loan and note.

17. Nationstar advised plaintiff that they were the loan servicer for the loan.

18. Nationstar therefore provided services and/or the sale of merchandise in connection with the sale of the loan, and thus fall under the MMPA.

19. The actions of Nationstar were thus in connection with the mortgage, loan, note and/or servicing of same.

20. Nationstar received payment, money, services, and or other fees relating to their alleged position as holder and servicer of the note.

21. Plaintiffs purchased the property at issue for household purposes, and/or obtained the loan for the same personal, family and/or household purposes.

22. The purported right to foreclose arose from the note, which was entered into in connection with the sale of the property to plaintiff.

23. The misconduct and actions of defendants set forth above, and below, were in connection with the sale of merchandise and/or the provision of services, as the loan was an agreed upon bundle of services being sold by the lender to the plaintiffs as borrowers.

24. The sale of the loan lasted until the last service was performed.

25. The fraud, deception, misrepresentation, false pretenses, unfair practices, concealment, and/or other improper and deceptive acts in violation of the Missouri Merchandising Practices Act (MMPA) set forth above and below were taken in connection with the loan in the course of the servicing of the loan by Nationstar, based upon their claims to be the proper holder and/or servicer of the loan/mortgage note, and thus comprised part of the "sale" of the loan, and/or were part of the services agreed to at the outset of the loan.

26. Nationstar engaged in unfair or deceptive practices, as described in all of the preceding allegations, as well as in the following additional actions, including but not limited to:

  a. Failing to disclose material information to debtors;

  b. Hiding or obscuring material information from debtors;

  c. Attesting to the fact that the debtor was delinquent and, in fact, having information that suggested the opposite;

  d. Setting a scheme in place to foreclose on the property, and take the extra suspense proceeds to further increase their profit based on such improper deceptive or fraudulent acts;

  e. In changing the amount owed in order to take the suspense proceeds to which defendants were not entitled;

  f. In taking other actions which were fraudulent and/or deceptive, and which were taken with the sole purpose of obtaining money to which they were not entitled;

  g. In providing false and misleading information regarding the alleged amount owed, which continued to change, was based on false information, and was in fact known to be inaccurate due to the destruction/loss of the file and all necessary information to show whether any amount was in fact owed, and if so, how much.

27. The unfair and deceptive practices of defendants resulted in ascertainable loss of money and/or property to plaintiffs as set forth above and below, as a result of the act or acts set forth which are declared unlawful by Section 407.020 et seq.

28. The actions of defendants were carried out intentionally with evil motive or reckless intent and/or total disregard for the permanent damages the actions could cause.  It was done with the intent solely of filling the corporate coffers, with complete disregard for the significant harm the conduct would cause, and is of the

Electronically Filed - St Louis County - April 13, 2015 - 12:47 PM

type of activity that calls for punitive damages to punish defendant, and to deter similar actions by others.

WHEREFORE, plaintiffs pray for their damages, their attorney's fees; punitive damages. Statutory fees and/or penalties, and their costs, as well as any other and further relief deemed just and proper.

## COUNT III - INJUNCTIVE RELIEF

29. Plaintiffs incorporate all above paragraphs in this count.

30. Defendants are now attempting to remove Plaintiffs from their home.

31. Plaintiffs have no adequate remedy at law.

32. Plaintiffs will suffer irreparable harm and damage if the relief requested herein is not granted, in that they will be removed from their home while they clearly were not in default and has been the victims of a wrongful foreclosure.

WHEREFORE, Plaintiffs respectfully requests that this court enter its judgment temporarily and then permanently enjoining and restraining Defendants from taking any further action including taking any action to remove them from their property, and that the court grant any further relief as may be just and proper, and that Plaintiffs be allowed their costs herein.

## JURY TRIAL DEMAND

33. Plaintiffs demand a jury trial on every issue so triable.

## PRAYER FOR RELIEF

34. Plaintiffs seek an Order from this Court:

a. Awarding actual damages;

b. Awarding punitive damages;

c. Awarding pre-judgment and post-judgment interest as allowed by law;

d. Granting a permanent injunction prohibiting Defendants from engaging in the behavior identified in this Petition.

e. Granting such other and additional relief as this Court deems appropriate.

Respectfully submitted this 8th day of April, 2015.

By: __/s/     Dale Wiley__
Dale Wiley, #50240

Attorney for Plaintiffs

