UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL TYSON, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV00763 ERW |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Nationstar Mortgage, LLC's Motion for Summary Judgment [ECF No. 27].

I.  **FACTUAL BACKGROUND**

This lawsuit originated the Circuit Court of St. Louis County, Missouri when Plaintiffs Michael and Sandra Tyson ("Plaintiffs") filed a petition against Defendant Nationstar Mortgage, LLC ("Defendant") seeking a declaratory judgment stating they are current on their mortgage and alleging violations of the Missouri Merchandising Practices Act ("MMPA"), Missouri Revised Statutes § 407.000 *et seq* [ECF No. 4]. Defendant removed the matter to this Court on May 13, 2015, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 [ECF No. 1].

On April 18, 2016, Defendant filed its Motion for Summary Judgment, asserting Plaintiffs are not current on their mortgage, none of Defendant's conduct is wrongful under the MMPA, and Plaintiffs cannot show they suffered an ascertainable loss. Defendant contends it is entitled to judgment as a matter of law on both counts of Plaintiffs' Petition. The undisputed facts are as follows.

1

On September 7, 2005, Ampro Mortgage ("Ampro") made a loan to Plaintiffs and Plaintiffs executed a note to Ampro in the amount of $285,215.00.[1] The Note was secured by a Deed of Trust on certain real property known as 479 Thunderhead Canyon Drive, Ballwin, Missouri, 63011 (the "Real Property"). Ampro endorsed the Note to Countrywide Bank, N.A., who indorsed the Note to Countrywide Home Loans, Inc., who then indorsed the note in blank.[2] On July 1, 2008, Bank of America, N.A. ("Bank of America") purchased Countrywide Financial Corporation, which included Countrywide Bank, N.A. and Countrywide Home Loans, Inc. Pursuant to this purchase, Bank of America acquired the Note and Deed of Trust.

On September 18, 2008, Plaintiffs filed for protection under chapter 7 of the Bankruptcy Code. Plaintiffs did not reaffirm the debt evidenced by the Note and Deed of Trust prior to the discharge of their personal debts on December 16, 2008. On January 3, 2010, Plaintiffs entered into a loan modification agreement which modified the terms of the Note and Deed of Trust. On May 6, 2013, the Note, Deed of Trust, and Modification Agreement (the "Mortgage Loan Documents") were transferred to Defendant. Defendant does not report to the credit reporting agencies on borrowers who have received a personal discharge through the bankruptcy process. Defendant has not reported any information on Plaintiffs' loans during the period it has serviced the loans.

Pursuant to the terms of the Mortgage Loan Documents, Defendant pays Plaintiffs' property taxes and insurance through an escrow account. Plaintiffs agreed to pay the amount owed for taxes and insurance as party of their monthly mortgage payment. Plaintiffs understood their taxes and insurance were paid through an escrow account and also understood the escrow

---

[1] All of the facts stated herein were included in Defendant's Statement of Uncontroverted Facts, ECF No. 28-1, and Plaintiff's Response to Defendant's Statement of Uncontroverted Facts, ECF No. 33, unless stated otherwise.
[2] When a note is indorsed in blank, it is not payable to a specific person or entity, but rather is payable to whomever is in possession of the note.

portion of their payment could change. In 2014, the amount required for Plaintiffs' escrow account increased due to an increase in taxes and insurance. Plaintiffs' required monthly payment changed from $2,051.93 to $2,117.39. On February 5, 2014, Defendant notified Plaintiffs of the payment increase on their monthly mortgage statement for March 2014.[3]

On March 6, 2014, Plaintiffs made a payment in the old amount of $2,051.93. Defendant recorded it as a partial payment and placed the funds in a suspense account.[4] On March 18, 2014, Defendant sent Plaintiffs their monthly mortgage statement for April 2014, and included a notification the payment received in March was insufficient and had been placed in suspense. Defendant also notified Plaintiffs they were now a month behind on their mortgage. On April 4, 2014, Plaintiffs made a payment in the amount of $2,051.93. Defendant withdrew $65.46 from the funds in suspense and added it to Plaintiffs payment to apply a complete monthly payment of $2,117.39.

On April 18, 2014, Defendant sent Plaintiffs their monthly mortgage statement for May 2014, and notified Plaintiffs, on the statement, Defendant had taken funds from the suspense account and added them to the April payment to make a complete payment. This occurred again in May and June when Plaintiff made incomplete payments. Each month Defendant notified Plaintiffs of the actions it took in regards to the payment. On June 18, 2014, and June 26, 2014, Defendant called Plaintiffs to resolve the issue but Plaintiffs did not answer the phone. On July 3, 2014, Defendant issued a refund of the remaining funds in the suspense account and sent a check to Plaintiffs in the amount of $1,855.55. On July 7, 2014, Plaintiffs sent Defendant a payment in

---

[3] When the Court references the monthly mortgage statement, it is referring to the month in which the payment is due.

[4] Plaintiffs admit a payment was made in this amount but do not admit the rest of this statement. However, Plaintiffs do not cite to any portion of the record to controvert the fact. Therefore, this fact will be considered uncontroverted. *See* Local Rule 7-4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

the amount of $2,051.93. Defendant recorded it as a partial payment and placed the funds in a suspense account. On July 9, 2014, Defendants sent Plaintiffs a letter notifying them of this action. On July 12, 2014, and July 16, 2014, Defendant sent Plaintiffs a letter advising them of their delinquency and offering a list of potential means of curing their payment default. Included in the letter was a point of contact and an invitation to contact this person to try and resolve the default.

On July 18, 2014, Defendant sent Plaintiffs their monthly mortgage statement for August 2014, and included a statement Defendant had taken funds from the suspense account and added them to the payment to make a complete payment which was applied to the mortgage, the funds in the suspense account had been refunded, and as a result, Plaintiffs were two months behind. On August 1, 2014, Defendant sent Plaintiffs another letter advising them of their delinquency and offering a list of means to cure the default. On August 5, 2014, Plaintiffs made an incomplete payment in the old amount, $2,051.93. Defendant withdrew the shortfall from the funds held in suspense and added it to the payment to make a complete payment in the amount of $2,117.39. This happened again in September and October. Each time, Defendant sent Plaintiffs notification of the actions taken in regards to their payment. On August 15, 2014, Defendant sent Plaintiffs a letter advising them of their delinquency and offering a list of means to cure the default. On October 7, 2014, Defendant issued a refund of the remaining funds in the suspense account and sent a check to Plaintiffs in the amount of $1,855.55.[5]

---

[5] Plaintiffs dispute this fact and refer to Plaintiff Sandra Tyson's affidavit in which she states she did not receive a second refund check of $1,855. However, Defendants attached to their Reply, an image of the check sent on October 7, 2014, in the amount of $1,855.55 and both Plaintiffs endorsed the back of the check. ECF No. 34-1. Defendants also submitted Plaintiffs bank statement for September 27, 2014, through October 29, 2014, which shows a deposit into Plaintiffs' account in the amount of $1,855.55 on October 27, 2014. Plaintiff Sandra Tyson's statement is clearly false. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record,

4

On October 20, 2014, Defendant sent Plaintiffs their monthly mortgage statement for November 2014. In the statement was notification Defendant had taken funds from the suspense account and added them to the payment to make a complete payment, the remaining funds in the suspense account had been refunded, and Plaintiff remained two months behind. On November 4, 2014, Plaintiffs made an incomplete payment in the old amount of $2,051.93. Defendant refused to accept the payment. On November 17, 2014, Defendant sent Plaintiffs a letter advising them of their delinquency and included a list of potential means to cure the default. On November 18, 2014, Defendant sent Plaintiffs their monthly mortgage payment for December 2014, and advised Plaintiffs they were three months behind. On December 2, 2014, Plaintiffs made an incomplete payment, in the amount of $2,051.93, and Defendant refused to accept the payment.

On December 3, 2014, Defendant sent notice to Plaintiffs warning them foreclosure was imminent and requesting Plaintiffs contact Defendant immediately. Defendant also sent Plaintiffs a letter, on this same date, inviting them to enter into a loan modification to avoid foreclosure. On December 4, 2014, Plaintiffs sent Defendant a check in the old amount of $2,051.93, for their November 2014 payment, and included a letter stating they did not understand why the payment had been refused. On December 8, 2014, the incomplete payment was processed by Defendant and placed in a suspense account. The payment was recorded as a trial payment in the amount of $1,617.07 for the loan modification it had offered Plaintiffs. On December 22, 2014, Defendant sent Plaintiffs their monthly mortgage statement for January 2015, and advised Plaintiffs the payment received in December was insufficient and had been placed in suspense but $1,617.06

---

so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

was being treated as a trial loan modification payment. The statement also included a notification Plaintiffs were three months behind. On December 24, 2014, Defendant sent Plaintiffs a letter stating they remained behind on their payments but their alternate mortgage payment was $1,617.06. Plaintiffs did not complete the loan modification documents.

On January 6, 2015, Plaintiffs made an incomplete payment in the amount of $2,051.93 and Defendant withdrew the shortfall from the funds held in suspense to apply a complete payment. On January 21, 2015, Defendant sent Plaintiffs their monthly mortgage statement for February 2015, which stated Defendant had taken funds from the suspense account and added them to the payment. The statement also notified Plaintiffs they were three months behind. This occurred against in February and March 2015. Each time Defendant notified Plaintiffs of the action taken in regards to their payments.

On April 13, 2015, Plaintiffs filed this lawsuit against Defendant in the Circuit Court of St. Louis County, Missouri, alleging violations of the Missouri Merchandising Practices Act. On April 20, 2015, Defendant sent Plaintiffs their monthly mortgage statement for May 2015, in which they notified Plaintiffs they had taken funds from the suspense account to make a complete payment and Plaintiffs remained three months behind. After April 20, 2016, Defendant stopped sending statements as the parties were now in litigation. Since May 2015, Plaintiffs have continued to make payments in the incomplete amount and Defendant has continued to apply funds held in suspense to make a complete payment. As of April 15, 2016, according to Defendants, Plaintiffs are past due on the Mortgage Loan in the amount of $10,378.50. Defendant has not foreclosed on Plaintiffs' property.

**II.     STANDARD**

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable

evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III. DISCUSSION

In their Petition, Plaintiffs assert two counts. Count I is a request for declaratory judgment asking the Court to find Plaintiffs are current on their mortgage and they reaffirmed their mortgage since 2008. In Count II, Plaintiffs assert violations of the MMPA. Plaintiffs allege Defendant violated the MMPA by failing to disclose or hiding and obscuring material information from the debtors, stating the debtor was delinquent despite having information suggesting the opposing, implementing a scheme to foreclose on the property to further increase their profits, changing the amount owed to take the suspense proceeds, other actions which were fraudulent and/or deceptive for the sole purpose of obtaining money, and providing false and misleading information as to the amount owed. Defendant asserts it is entitled to summary judgment on all of Plaintiffs' claims claiming Plaintiffs are not current on their mortgage, they

did not reaffirm the mortgage, and Plaintiffs have not established all of the elements of an MMPA claim. The Court will address Defendant's Motion as to each count as follows.

    *A.*       *Declaratory Judgment*

Defendant asserts Plaintiffs are not entitled to declaratory judgment because the uncontroverted facts show Plaintiffs are not current on the Mortgage Loan and the Mortgage Loan was not reaffirmed. The Court agrees with Defendant.

The uncontroverted facts show Plaintiffs are not current on their mortgage. Plaintiffs admitted they understood the escrow portion of their mortgage payment could change and did change due to an increase in taxes and insurance. ECF No. 33, ¶¶ 15, 16. Plaintiffs also admitted the required monthly payment increased from $2,051.93 to $2,117.39. ECF No. 33, ¶ 16. Plaintiffs further admitted they continued to pay only $2,051.93 per month. ECF No. 33, ¶¶ 18, 21, 23, 25, 29, 35, 38, 41, 45, 48, 51, 53, 57, 59, 61, 63. Plaintiffs have provided no evidence to suggest they have paid the difference between the two amounts. Thus, they are not current on their mortgage. It is impossible for them to be current when they have paid less than the required amount each month and have failed to make any additional payments to catch up on the amount they have missed.

Plaintiffs argue the documentation fails to show the change in the amount of escrow was needed to pay the tax and insurance bills, but they fail to provide any support for this argument or to provide any evidence to controvert Defendant's fact the taxes and insurance increased causing an increase in the amount required for the escrow account. Plaintiffs actually admitted the amount required increased as a result of an increase in taxes and insurance. Further, Plaintiffs provide no evidence to show the taxes and insurance did not increase. Plaintiffs assert the amount required for their mortgage each month is $1,687.16. Again, Plaintiffs provide no basis

9

for this amount beyond Plaintiff Sandra Tyson's affidavit stating this is the amount she is required to pay according to the Note. However, this is clearly contradicted by the record. Plaintiffs mortgage originally required a monthly payment of $1,687.16, but in 2010, Plaintiffs signed a modification agreement which changed the amount owed each month. ECF No. 29-1, pgs. 27-33. In this modification, Plaintiffs agreed the amount required for escrow may change, increasing their overall payment. *Id*. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Plaintiffs were paying an incorrect amount each month and as a result, are not current on their mortgage. In Plaintiff Sandra Tyson's own affidavit, she admits she is in default. ECF no. 32-1, ¶ 16. Defendant has met its burden on establishing Plaintiffs are not current on their mortgage. Therefore, the Court will grant Defendant summary judgment on Plaintiffs' claim for declaratory judgment as to whether their mortgage is current.

Plaintiffs also request the Court enter a declaratory judgment finding "their mortgage is in good standing, has been duly reaffirmed since 2008, and ordering Defendant to make all necessary changes to reflect this with any and all credit reporting agencies." ECF No. 4. Plaintiffs admitted they did not reaffirm the debt in their bankruptcy proceedings. ECF No. 33, ¶ 8. The United States Bankruptcy Code requires a debt to be reaffirmed prior to discharge of the bankruptcy. 11 U.S.C. § 524(c)(1). Plaintiffs have provided no support suggesting there is an exception to this rule or a manner in which they could have reaffirmed the debt after discharge of their bankruptcy. Therefore, the Court finds Plaintiffs did not reaffirm the mortgage debt.

Because Plaintiffs did not reaffirm the mortgage, Defendant is not required to report any payments made in regards to the mortgage to the credit reporting agencies. *See Schueller v. Wells Fargo*, 559 Fed. App'x 733, 737 (10th Cir. 2014) (Finding no authority requires a bank to report post-bankruptcy payments); *see also Groff v. Wells Fargo Home Mortgs., Inc.*, 108 F. Supp. 3d 537, 538-42 (E.D. Mich. 2015); *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665 (E.D. Penn. 2015). Rather, there is some suggestion if Defendant were to report any payments or report Plaintiffs still had a mortgage, it would be violating the bankruptcy discharge. *Groff*, 108 F. Supp. 3d at 542. Therefore, Plaintiffs are not entitled to a declaratory judgment as requested. The Court will grant summary judgment for Defendant.

  B.  *Missouri Merchandising Practices Act Claims*

In Count II of Plaintiffs' Petition, Plaintiffs assert numerous claims under the MMPA. Defendant argues Plaintiffs have failed to establish all of the elements of an MMPA claim; thus, the claims must be dismissed. Defendant asserts Plaintiffs' MMPA claim regarding Defendant's credit reporting practices fails because it is pre-empted by the federal Fair Credit Reporting Act. As to Plaintiffs' MMPA claim Defendant misapplied their payments, Defendant contends, its practice of placing an incomplete payment in suspense to apply to later payments is not unlawful or unfair because it is not obligated to accept incomplete payments at all. Defendant asserts Plaintiffs' MMPA claim as to false information provided in monthly statements regarding Plaintiffs' payment history fails because the uncontroverted facts show no information supplied in the monthly statements was inaccurate nor was any information withheld. Defendant claims Plaintiffs' final MMPA claim regarding a "scheme" to foreclose on Plaintiffs' property fails because there is no evidence to support such a scheme and Defendant made significant attempts to offer Plaintiffs options to avoid foreclosure. Finally, Defendant argues all of Plaintiffs'

MMPA claims fail because Plaintiffs cannot show they suffered an ascertainable loss of money or property as required under the MMPA.

To prevail on a private cause of action under the MMPA, a Plaintiff must establish 1) the use or employment of a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or concealment, suppression, or omission of a material fact, 2) in connection with the sale or advertisement of any merchandise in trade or commerce, 3) resulting in an ascertainable loss of money or real or personal property, and 4) the person must have purchased or leased the merchandise for personal, family, or household purposes. Mo. Rev. Stat. § 407.020; *see also Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008); *Univ. Sewing Supply, Inc. v. Artek Sewing Supplies, Inc.*, No. 4:05CV974 JCH, 2005 WL 2211146 at *3 (E.D. Mo. Sept. 8, 2005). "The MMPA does not specifically define deceptive or unfair practices, but it 'simply declares unfair or deceptive practices unlawful' in order to 'give broad scope to the meaning of the statute and to prevent evasion because of overly meticulous definitions.'" *Owen*, 533 F.3d at 922 (quoting *State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. Ct. App. 1988)). The MMPA requires courts to make a "case-by-case determination[] of whether a defendant's conduct violates principles of fair dealing." *Toben v. Bridgestone Retail Operations, LLC*, No. 4:11-CV-1834 CEJ, 2013 WL 5406463 at *2 (E.D. Mo. Sept. 25, 2013) (citing *Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo. 2009)).

The uncontroverted facts show Defendant did not violate the MMPA under the claims Plaintiffs assert. First, Plaintiffs allege Defendant violated the MMPA by failing to disclose material information to debtors and hiding or obscuring material information from debtors. The uncontroverted facts show Defendant first notified Plaintiff there was an increase in their monthly payment due to an increase in the amount required for escrow in their monthly

12

mortgage statement for March 2014. Each time Defendant took an action, it notified Plaintiffs. Each time Plaintiffs sent an incomplete payment, Defendant either placed the funds in a suspense account or used funds from the suspense account to make a complete payment to be applied to the mortgage. Each time this was done, Plaintiffs were notified. Plaintiffs were also notified they were behind on payments because they kept failing to make a complete payment. Defendant provided the Court with documentation of the notifications and monthly mortgage statements it sent to Plaintiffs each month. Plaintiffs admitted to receiving this information. Plaintiffs have failed to identify any other material information Defendant failed to disclose, hid, or obscured to support their MMPA claim. Therefore, the Court will grant summary judgment to Defendant as to these claims. *See Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991) (finding when the non-moving party fails to produce evidence that could enable a jury to return a verdict for it, summary judgment is proper).

Plaintiffs' next claim is Defendant attested Plaintiffs were delinquent, when it had information suggesting the opposite. Defendant has provided uncontroverted facts showing Plaintiffs were behind on their mortgage. Plaintiffs admitted to making an incomplete payment each month from March 2014 through April 2015. Plaintiffs have provided no evidence to the contrary and have not supplied any evidence suggesting they are not in default. A jury could not find in favor of Plaintiffs on this claim.

Plaintiffs assert Defendant put a "scheme" in place to foreclose on Plaintiffs' property and to take extra suspense proceeds to increase their profit. Plaintiffs are in default on their mortgage loan, of which Defendant notified them numerous times. Additionally, Defendant sent Plaintiffs several notifications listing options Plaintiffs had to avoid foreclosure, and Defendant proposed a trial loan modification, which Plaintiffs never executed. Further, Defendant has not

initiated foreclosure proceedings on Plaintiffs' property. Plaintiffs have failed to provide any evidence supporting this purported "scheme." Their claim Defendant took extra suspense proceeds to increase profit fails because Defendant refunded Plaintiffs the funds held in the suspense account twice. Because Plaintiffs have failed to provide any evidence in support of their claim, a jury would be unable to find in their favor. Therefore, summary judgment must be granted in favor of Defendant.

Plaintiffs' next claim is Defendant changed the amount owed in order to take the suspense proceeds to which Defendant was not entitled. Defendant did not take any suspense proceeds to which it was not entitled. The only funds Defendant took from the suspense account was the amount required to complete Plaintiffs' mortgage payment each month so they did not get further behind. After several months of using this practice, Defendant refunded the money in the suspense account. Although Plaintiffs claim they did not receive both refund checks, their bank statements show they did receive both checks. Plaintiffs have not provided any other evidence in support of this claim. Summary judgment will be granted in favor of Defendant.

Plaintiffs next claim Defendant took other actions which were fraudulent and/or deceptive for the sole purpose of obtaining money to which they were not entitled. It is unclear what these actions are to which Plaintiffs refer. Defendant interprets this as a claim Defendant misapplied Plaintiffs' payments. In their response to Defendant's Motion for Summary Judgment, Plaintiffs assert Defendant applied Plaintiffs' payments to a trial modification program when Plaintiffs never showed any interest in the program and never authorized the application of the funds to the program. Plaintiffs argue this is not supported by the Note or Deed of Trust and caused Plaintiffs to become further behind on their payments. These allegations are absent in Plaintiffs' Petition. Even if they were, the claim would still fail because Plaintiffs

provide no evidence to support this theory. The evidence provided by Defendant shows it initially put Plaintiffs' payment submitted on December 4, 2014, in suspense, and recorded it as a trial payment under the proposed modification agreement. When Plaintiffs did not execute the modification agreement, Defendant used the funds placed in suspense in the same manner they had in the past when Plaintiffs made incomplete payments. Thus, Plaintiffs did not get further behind because of Defendant's proposed trial modification payment. The Court will grant summary judgment in favor of Defendant on this claim.

Plaintiffs' final claim is Defendant provided false and misleading information about the amount owed, which continued to change, and was based on false information known to be inaccurate due to the destruction or loss of the file. Defendant provided ample evidence of Plaintiffs' monthly mortgage statements showing the increase in the escrow and the resulting increase in the mortgage payment, and the Note and Deed of Trust which allow Defendant to increase the monthly mortgage payment for this reason. Plaintiffs provided no evidence this information was false or misleading, nor did they provide any evidence Defendant knew this information was inaccurate. Finally, Plaintiffs did not introduce any evidence their file was destroyed or lost. Therefore, they have not created a genuine issue of material fact and Defendant must be granted summary judgment on this claim.

Elsewhere in the Petition, Plaintiffs include allegations which suggest Defendant's failure to report Plaintiffs' monthly payments to credit reporting agencies violates the MMPA. This claim also fails. Plaintiffs' MMPA claims in regards to Defendant's credit reporting practices are preempted by the Fair Credit Reporting Act. *El Bey v. Receivables Performance Mgmt., LLC*, No. 14-1820-CV-W-FJG, 2015 WL 196327 at *3 (W.D. Mo. Jan. 15, 2015). The Fair Credit Reporting Act restricts state laws from regulating any subject matter regulated under 15 U.S.C. §

1681s-2. 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 regulates the responsibilities of furnishers of information to consumer reporting agencies including the reporting of inaccurate information. 15 U.S.C. § 1681s-2. Therefore, Plaintiffs cannot bring a claim under the MMPA in regards to Defendant's reporting practices. Additionally, as discussed *supra*, Defendant is not required to report payments on a mortgage discharged in bankruptcy because Plaintiffs' personal liability on the mortgage is abated. *See Schueller*, 559 Fed. App'x 733; *Groff*, 108 F. Supp. 3d 537; *Horsch*, 94 F. Supp. 3d 665. Therefore, summary judgment must be granted in favor of Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nationstar Mortgage, LLC's Motion for Summary Judgment [ECF No. 27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Petition is **DISMISSED, with prejudice**. So Ordered this 16th Day of June, 2016.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**